# DECISIONS

## OF THE

# Court of Appeals of Kentucky

## Ohio Valley Fire & Marine Insurance Company v. American Merchant Marine Insurance Company.

(Decided February 26, 1923.)

### Appeal from McCracken Circuit Court.

Insurance—Reinsurance Contract Held not to Cover all Risks Insured.—A contract for the reinsurance with defendant of marine risks insured by plaintiff, which did not use the word "all" in connection with the risks reinsured, and did contain provisions referring to the risks or reinsurance coming within the contract, thereby indicating that there were risks not reinsured, was not a reinsurance of all of the risks accepted by plaintiff, but gave it the right to select such risks as it chose for reinsurance.

MOCQUOT, BERRY & REED for appellant.

WHEELER & HUGHES for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

On October 2, 1916, appellant and appellee entered into a contract in which appellant is designated as the "Ohio Valley" and appellee as the "American," and containing the following provisions material to this controversy:

"The 'Ohio Valley' agrees, subject to the following conditions, to accept reinsurance of the 'American' on risks assumed by the 'American' on and in vessels insured by the 'American,' and for amounts not to exceed

in any instance one-third of the amount carried net by the 'American,' but in no event more than five thousand ($5,000.00) dollars on each specific risk reinsured, such reinsurance to be subject to the same risks, valuations, terms and conditions as are or may at any time be taken or granted by the 'American,' and payment of loss, if any, to be made when the 'American' pays its claims.

"This agreement shall be in effect on and after October 2nd, 1916, and govern in every respect all reinsurance coming within its terms on and after that date, and shall continue until thirty days' notice of cancellation has been given by either party, by registered letter.

"The cancellation of this cover shall not in any way affect any risk which may have been accepted and declared hereunder, as hereinbefore provided for, even though the policy or policies of the 'American' may not go into force until after the date fixed for cancellation of this agreement; nor shall risks covered under continuation clauses in policies be effected by the date of cancellation of this agreement.

## "CONDITIONS

"The 'American' agrees to report daily by binding advices each and every risk reinsured with the 'Ohio Valley,' giving the amount reinsured, rate received, the name of the vessel, the character of risk assumed, and on cargo or voyage risks, the sailing date and sailing port and destination port, and the amount retained by the 'American' at its own risk, liability of the 'Ohio Valley' attaching at the time it is noted on the books of the 'American' on the day notice of such reinsurance is mailed to the 'Ohio Valley' by the 'American.'

"Accounts shall be made out by the 'American' as soon as possible after the close of each month.

"The first remittance by the 'American' shall be made by the 25th of the second month after the commencement of this agreement, for the balance of the first month's account, and thereafter each month's balance due shall be remitted by the 25th of the second month after the account.

"When premiums upon time risks are payable to the 'American' in quarterly (or similar division of time) installments, the 'Ohio Valley' is to be credited in its account with the proportion of each installment upon the date it is due, in the same manner as the 'American' itself received its premiums upon such risks.

"Claims for losses of three thousand ($3,000.00) doldals or upwards per vessel are to be settled by the 'Ohio Valley' immediately when due, if so requested, by draft.

"Losses of smaller amounts shall be charged in account current.

"Casualties of any importance relating to risks declared under this agreement, are to be advised to the 'Ohio Valley' as early as possible.

"The 'Ohio Valley' in every case agrees to receive and be bound by the original rates and other payments received by the 'American,' to allow the same returns and deductions as may be allowed by the 'American,' and the 'American' agrees to pay the 'Ohio Valley' a rate on each risk as high as average rate of all policies it may have on same risk."

This suit was brought by appellee to recover of appellant the latter's share of the losses incurred on risks reinsured under the contract. Appellant defended on the ground that the contract covered all risks on all vessels insured by appellee while the contract was in force, and that appellant's share of the premiums on all such risks was largely in excess of the amount sued for. On final hearing appellant's contention was rejected, and appellee was given judgment in the sum of $8,841.72.

The only question we need discuss is whether the court properly construed the contract. Appellant insists that it was never the intention of the parties that it should reinsure only such risks as appellee should select, as the effect would be to give appellee the choice of all the best risks, and the privilege to place with appellant all risks of a doubtful character. Of course, the intention of the parties must be gathered from the contract itself. If the parties had intended the contract to cover all risks on all vessels, the natural thing would have been to have used the word "all," but not only does the word "all" not occur in the contract, but the other provisions of the contract show that the word "all" was not intended. Thus, the provision that the agreement should "govern in every respect all reinsurance coming within its terms" shows that there might be reinsurance not coming within its terms. Furthermore, appellee did not agree to report each and every risk insured by it, but only "each and every risk *reinsured* with appellant." Not only so, but the provision requiring appellee to advise appellant as early as possible of "casualties of any importance relating to risks *declared* under this agreement," shows

that the mere assumption of the risk by appellee was not all that was necessary, but that the risks would have to be *declared* before they would come under the agreement. Viewing the contract in the light of these provisions, it seems clear to us that it does not cover all risks assumed by appellee during the contract, but only those risks which it elected to reinsure with appellant and of which due report was made. As the trial court reached the same conclusion, it follows that the judgment was proper.

Judgment affirmed.